IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 1 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02476-BNB

JOSE ARTURO PENA,

    Applicant,

v.

WARDEN STEVEN HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DRAWING CASE

    Applicant, Jose Arturo Pena, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Arkansas Valley Correctional Facility. Mr. Pena initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Pena is challenging the validity of his conviction and sentence in Case No. 92CR838, in the Weld County District Court.

    In an order filed on December 7, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. After receiving three extensions of time, Respondents submitted a

Pre-Answer Response on January 27, 2011. After also receiving an extension of time, Mr. Pena filed a Reply on March 21, 2011.

The Court must construe liberally the Application filed by Mr. Pena because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn to a district judge and a magistrate judge.

On February 27, 2002, following a jury trial, Mr. Pena was convicted of a single count of sexual assault on a child. Pre-Answer Resp. at p. 4. On March 21, 2002, the trial court sentenced Mr. Pena to eight years in the Department of Corrections, to be served consecutively with a life sentence in Case No. 93CR1195. *Id.* at 7. Mr. Pena filed a direct appeal, and his conviction was affirmed by the Colorado Court of Appeals (CCA) on January 5, 2006. *See People v. Pena*, No. 03CA0892 (Colo. App. Jan. 5, 2006) (unpublished opinion). Mr. Pena filed a petition for writ of certiorari, which the Colorado Supreme Court (CSC) granted. The CSC affirmed Mr. Pena's judgment of conviction on November 17, 2007. *See Pena v. People*, 173 P.3d 1107 (Colo. 2007). The mandate issued on January 30, 2008. *See* Pre-Answer Resp. at p. 5.

On May 23, 2008, Mr. Pena filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b). *Id.* at 6. After a hearing, the trial court denied the motion on August 18, 2008. *Id.* Mr. Pena did not file an appeal.

Mr. Pena filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(a) on March 31, 2009. *Id.* The trial court denied the motion, and Mr. Pena filed an appeal to the appellate court. *Id.* On February 4, 2010, the CCA affirmed the trial court. *See People v. Pena*, No. 09CA1016 (Colo. App. Feb. 4, 2010) (unpublished opinion). Mr. Pena filed a petition for writ of certiorari, which the CSC denied on August 9, 2010. Pre-Answer Resp. at p. 9. The mandate issued on September 3, 2010. *Id.*

Mr. Pena then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was received for filing by the Court on October 12, 2010. In the Application, Mr. Pena asserts three claims: (1) that his conviction violates due process because the evidence was insufficient to support the elements of the charged offense; (2) the admission of the deceased victim's out of court statements was improper because the statements were inadmissible hearsay and violated Mr. Pena's right to confrontation; and (3) Mr. Pena was provided ineffective assistance of trial counsel.

Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d). However, Respondents assert that a portion of claim two and claim three in its entirety are unexhausted and procedurally barred, because Mr. Pena failed to raise the claims in a petition for writ of certiorari in the CSC. The Court does not agree that Mr. Pena's failure to raise his claims in the CSC after they were presented fairly to the CCA means these claims are unexhausted.

In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845.

3

However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the CSC is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. Here, it appears that both of Mr. Pena's claims were presented fairly to, and relief was denied by, the CCA.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir.

2002); ***Swoopes v. Sublett***, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court rejects Respondents' argument that Mr. Pena failed to exhaust his claims because they were not raised in the CSC in a petition for writ of certiorari after the claims were presented fairly to and rejected by the CCA. Accordingly, having decided that the Application is timely, and that the claims are exhausted, the Court will order the Application drawn to a district judge and a magistrate judge.

Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that this case does not appear to be appropriate for summary dismissal. As such, the case will be drawn to a district judge and to a magistrate judge. ***See*** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __1st__ day of ____April____, 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02476-BNB

Jose Arturo Pena
Prisoner No. 111823
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 1, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk